*Haggin* for plaintiff: *Pirtle* for defendant.

---

CHANCERY.

Case 3.

Sept. 8.

## Fitzhugh *vs* Fitzhugh's Adm'r.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Administrators.    Slaves.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THURSTON, as administrator of Clark Fitzhugh, having exhausted the personal estate, except a slave, in payment of debts of the deceased, filed his bill against the widow and infant heir of the deceased, to subject the real estate, consisting of lots in the town of Louisville, and a large tract of land on the S. W. side of the Ten-

nessee river, to sale to pay a large debt due to himself. The widow's dower was alotted, and a decree rendered for the sale of certain lots, that were unincumbered, upon a credit of six, twelve and eighteen months, for the payment of the administrator's debt, and the infant has appealed to this Court.

It may be a question whether the Legislature, by the act of 1839, (3 *Stat. Laws*, 240,) intended, or could constitutionally raise all debts to equal dignity, so as to deprive specialty creditors of their vested priority under existing laws, in cases where the decedent had died before the enactment of the statute. Such a provision might be construed an impairment of the obligation of contract, in cases where the assets were insufficient to satisfy all the debts.

But no such question arises in this case, and we have no doubt that the statute authorizes the proceedings in chancery by the administrator, provided for by the act, as well in relation to estates where the decedent had died *before* as *after* the enactment. It is a cumulative and beneficial remedy, as well for administrators, as creditors and legatees, and should be liberally construed, so as to give full effect to its provisions, so far as they may not be deemed inconsistant with the constitution. Nor can we perceive any error in the decree, to the prejudice of the infant heir, in directing specified lots to be sold on a credit of six, twelve and eighteen months, rather than rendering a general decree, to be enforced by execution. But on the contrary, the decree rendered is conformable to the directions of the statute, and is obviously more beneficial to the infant than the one insisted on. Nor can we perceive that the infant has been prejudiced by the failure of the Court to settle the controversy in relation to the lots in dispute, before ordering the sale, as to these lots, about which there was no contest, as it does not appear if the contest was settled that it would be more to the advantage of the infant to sell those lots than those decreed to be sold; and if it were, the creditor was not bound to wait until that controversy was settled, when there was sufficient estate unincumbered to satisfy the debt. There is no ground for requiring the creditor to wait for his debt

FITZHUGH
vs
FITZHUGH'S AD'R

Does the statute of 1839, so far as it gives equal dignity to simple contract debts with specialty or judgment debts, impair the obligation of contracts?—Qu.

The statute of 1839, allowing administrators to file bills against heirs, &c. and the Court to decree sales of real estate, applies as well to cases before as after the passage of the statute.

THARP
*vs*
FELTZ'S AD'R.&c.

until the issues and profits should pay the same, and especially when it is apparent from the amount of debt, that it would require a series of years for the payment to be made in that way.

In case of sales of decedents estates on the bill of the adm'r. to pay debts, slaves should be exhausted before lands are sold.

But there is error in the decree, in not directing the slave to be first sold in satisfaction of the debt, there being no good reason shown why the slave should not be first sold, and the proceeds applied to lessening the burthen upon the land.

The decree for this cause is reversed, and cause remanded, that the decree rendered may be corrected in this particular, and the costs in this Court are divided.

*Pirtle* for appellant: *Thruston* for appellee.